IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAROL A. HENDERSON,

      Plaintiff,

v.                                    No. CIV 97-0384 LH/JHG

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
### NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

### PROPOSED FINDINGS

1.    Plaintiff (Henderson) invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner). The Commissioner determined Henderson was disabled as of March 21, 1992. Henderson moves this Court for an order remanding this matter to the Commissioner for a rehearing. This Court reviews the Commissioner's decision to determine whether his findings are supported by substantial evidence and whether he applied correct legal standards in making his decision. ***Washington v. Shalala,* 37 F.3d 1347, 1349 (10th Cir. 1994)**.

**Administrative History**

2.      Henderson's applications for disability insurance benefits and supplemental security income were denied at the administrative level both initially and on reconsideration. Henderson requested and received *de novo* review before an administrative law judge (ALJ). The ALJ held a hearing on July 11, 1995, at which Henderson, her attorney, her sister and a vocational expert appeared. On October 4, 1995, the ALJ found while there was no basis for reopening prior determinations, Henderson was disabled within the meaning of the Social Security Act as of March 21, 1992 . On February 6, 1997, the Appeals Council denied Henderson's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes.

**Statement of Facts**

3.      Henderson filed her first applications for disability insurance benefits and supplemental security income on October 23, 1990, alleging disability since April 1, 1989. These applications were denied initially and on reconsideration. Henderson did not seek further review. On October 3, 1991, Henderson filed her second set of applications for disability insurance benefits and supplemental security income, alleging disability since April 1, 1989. These applications were denied initially and on reconsideration on March 21, 1992. Tr. 101-102. Henderson did not seek further review.

4.      Henderson filed her current applications for disability insurance benefits and supplemental security income on September 26, 1994, alleging disability since September 9, 1989,

due to myotonia dystrophia.[1] Tr. 126-130. After these applications were denied initially and on reconsideration, Henderson requested and received a hearing before the ALJ. She was 40 years old on the date of the ALJ's decision, had a college education and past relevant work as an assistant janitor, library page, tutor, school crossing guard, and nurse's aide. Tr. 23.

**The Decision of the Commissioner**

5.	The ALJ determined Henderson's prior application should not be reopened because she did not have a mental, psychological or physical impairment, which prevented her from timely filing a request for review on her prior claims. Tr. 23. The ALJ found that Henderson had not engaged in substantial gainful activity since her alleged onset date. Tr. 24. At step two, the ALJ found Henderson had a severe impairment or combination of impairments consisting of myotonia dystrophia and its manifestations which did not meet the listings. *Id.* At step four, the ALJ determined Henderson was restricted from performing even the full range of sedentary work due to problems with walking, fatigue, inability to effectively utilize her hands, and slurred speech. Tr. 25. The ALJ noted the vocational expert testified there were no jobs in the national economy which Henderson could perform. *Id.* The ALJ further found the functional demands of her past relevant work exceeded her residual functional capacity. *Id.* At step five, the ALJ determined the Commissioner was not able to meet his burden. *Id.* The ALJ thus concluded Henderson was disabled within the meaning of the Social Security Act as of March 21, 1992, the date her second prior application was denied. *Id.*

---

[1] Myotonia dystrophia is a chronic, slowly progressing disease, with onset usually in the third decade, marked by atrophy of the muscles, failing vision, lenticular opacities, ptosis, slurred speech, and general muscular weakness. **Stedman's Medical Dictionary 481 (25th ed. 1990).**

**Discussion**

6.      The function of this Court on review is not to try the plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence and whether he applied correct legal standards. ***Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992)**. The district court should not blindly affirm the Commissioner's decision, but must instead scrutinize the entire record to determine if the decision is supported by substantial evidence and if the law was correctly applied. ***Hogan v. Schweiker,* 532 F.Supp. 639, 642 (D. Colo. 1982)**.

7.      Substantial evidence is more than a mere scintilla. ***Richardson v. Perales,* 402 U.S. 389, 401 (1971)**. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ***Andrade v. Secretary of Health and Human Services*, 985 F.2d 1045, 1047 (10th Cir. 1993)**. Failure to apply correct legal standards also constitutes grounds for reversal. ***Id.***

8.      The Social Security Administration has promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled. **20 C.F.R. §§ 404.1520 and 416.920 (1994)**. At the first three levels of the sequential evaluation process, the claimant must show she has not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under **20 C.F.R. Part 404, Subpt. P, App. 1 (1994)**.

9.      If the plaintiff cannot show that she has met or equaled a listing, she must show at step four that she is unable to perform work she had done in the past. **20 C.F.R. §§ 404.1520 and 416.920 (1994)**. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner

to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id.* If a determination of disability is made at any step, further inquiry is not required. *Id.*

10. Henderson argues the Commissioner erred by failing to reopen her prior applications where the evidence shows her lack of mental capacity to complete the necessary appeal documents and where she was not represented; the Commissioner erred by relying on testimony of a cognitively impaired person for information about the extent and duration of her mental impairment; the Commissioner erred by relying on the absence of a mental impairment argument on the hearing memorandum prepared by her representative prior to the hearing where the representative brought the issue to the attention of the ALJ immediately after the hearing and where the ALJ reopened the hearing that same afternoon specifically to take evidence on that issue; the Commissioner erred by relying on Henderson's ability to "understand the Dewey Decimal system" when her library work ended years before the application in question; the Commissioner erred by relying on her part-time "work" at the library as evidence of unimpaired mental capacity during the time period in question, when in fact that "job" was a work accommodation, which ended when her altruistic boss retired; the Commissioner erred by disregarding the uncontroverted reports of plaintiff's treating physician, on the ground that his statement was beyond the scope of his expertise as a gynecologist, when in fact this gynecologist was plaintiff's primary care giver and was acting in the role of her family doctor; and the Commissioner erred by handing down a decision not supported by substantial evidence. All issues address the Commissioner's refusal to reopen her prior claims.

11. The law is clear that in the absence of a colorable constitutional claim, federal courts do not have jurisdiction to review a refusal by the Commissioner to reopen claims for disability

benefits because the denial of a request to reopen is not a final decision within the meaning of the Social Security Act. ***Califano v. Sanders*, 430 U.S. 99, 107-09 (1977);** ***Nelson v. Secretary of Health and Human Services*, 927 F.2d 1109, 1110 (10th Cir. 1990);** ***Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990).** A claimant may not use a later application as an attempt to circumvent the appeal requirements of the Social Security Act. The ALJ expressly stated that he specifically declined to reopen Henderson's earlier applications because she did not have a mental, psychological or physical impairment which prevented her from timely filing a request for review of her prior claims. Tr. 23. Henderson does not argue there was any express or *de facto* reopening of the prior claims. The Court, therefore, finds there was no express or *de facto* reopening of the prior applications.

12. Henderson instead argues the Commissioner erred in his consideration of her mental condition in declining to reopen her prior applications. The medical evidence contains no indication of a mental impairment during the relevant time period. On the contrary, the record indicates Henderson was not suffering from a mental impairment in 1991 and 1992. Tr. 193-201. Moreover, with respect to the third application, Henderson was represented by highly capable counsel who argued at the hearing and to the Appeals Council that the prior claims should be reopened. Tr. 273-286; 230-240. In light on these circumstances, Henderson contentions fall short of a colorable constitutional claim. ***Nelson v. Secretary of Health and Human Services*, 927 F.2d at 1110.** The Court finds the ALJ did not reopen the prior applications and there is no colorable constitutional claim. As a result, this Court does not have subject matter jurisdiction to review the ALJ's refusal to reopen the prior applications.

## RECOMMENDED DISPOSITION

The motion to reverse or remand administrative agency decision should be denied and this case should be dismissed.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　JOE H. GALVAN
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE